UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| KATHRYN MORTON and DEANNA HEMBREE, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) Case No. 1:08-cv-196 ) |
| HYDRO-SYSTEMS, LLC, and RICHARD STEWART and RONALD COOPER in their individual capacities, | ) ) ) ) |
| Defendants. | ) |

## OPINION and ORDER

### I. INTRODUCTION

Plaintiffs Kathryn Morton and Deanna Hembree are suing Defendants Hydro-Systems, LLC, and Richard Stewart and Ronald Cooper, individually, on a number of federal and state law claims. The Court's present focus, however, is on their sexual harassment claims brought under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et. seq.* ("Title VII").[1] The scope of the inquiry is quite narrow because Morton and Hembree have filed a Motion for Partial Summary Judgment (Docket # 25) limited solely to their Title VII claims against Hydro-Systems LLC, as well as Stewart and Cooper in their individual capacities.

Counsel for Defendants withdrew some time ago, and Defendants have not responded to the summary judgment motion even though a notice (Docket # 29) was sent to each of them at

---

[1] Subject matter jurisdiction arises under 28 U.S.C. §§ 1331 and 1343. Jurisdiction of the undersigned Magistrate Judge is based on 28 U.S.C. § 636(c), all parties consenting.

their last known address in accordance with Local Rule 56.1(e). This circumstance leaves the Court with only the factual record Morton and Hembree have provided, in particular, their Complaint (Docket # 1), respective affidavits, and Defendants' Answer and Affirmative Defenses (Docket # 6).

Ordinarily, an unopposed motion for summary judgment is likely to be granted – in fact, must be granted – provided the movants can show that there is no genuine issue as to any material fact and that they are entitled to judgment as a matter of law. *See Westra v. Credit Control of Pinellas*, 409 F.3d 825, 827 (7th Cir. 2005). The problem with the motion here, however, is that even if the Court accepts Plaintiffs' facts, they are not entitled to a judgment against the individual Defendants, Stewart and Cooper, under Title VII, and the record is not sufficiently developed to allow summary judgment against Hydro-Systems either.

Accordingly, as discussed in section IV of this Opinion and Order, Plaintiffs' Motion for Partial Summary Judgment will be DENIED.

## II. FACTUAL BACKGROUND

For our purposes here, the relevant facts can be quickly recited. Hydro-Systems is an Indiana limited liability company with its principal place of business and corporate offices in Fort Wayne, Indiana. Stewart is its President and owner, and Cooper is, or was during the relevant time period, a supervisor. (Answer ¶ 1.) Although Morton and Hembree allege that Hydro-Systems is an employer under Title VII in that it employed fifteen or more full or part-time employees for twenty or more calendar weeks during calendar years 2007 and 2008, that assertion was denied by Hydro-Systems in its Answer. (Compl. ¶ 6; Defs.' Aff. Defenses, Jury Demand, and Answer to Pls.' Compl. ¶¶ 4-6.)

In any event, both Morton and Hembree began sales training for Hydro-Systems in May 2007, and claim that almost immediately Stewart and Cooper engaged in a campaign of unwelcome, sexual conduct and comments amounting to harassment. In fact, Morton alleges that she quit working for Hydro-Systems later that month due to the harassment, while Hembree, who tried to stick it out, was subsequently fired on June 10, 2007.

Plaintiffs maintain that they were victims of intentional discrimination as a result of the ongoing sexual harassment, and that therefore "all the Defendants are liable, jointly and severally, for acts of sex discrimination under Title VII." (Pls.' Mem. of Law in Supp. of Partial Summ. J. 11.) As Plaintiffs see it, they are entitled to partial summary judgment because they have met their burden of proof on all elements of their Title VII claims, and Defendants have offered nothing but an Answer in general denial. (Pls.' Mem. of Law 12.) The Court will test these assertions after reviewing the standard for summary judgment.

### III. SUMMARY JUDGMENT STANDARD

Summary judgment is proper when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). A genuine issue of material fact exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In determining summary judgment motions, "facts must be viewed in the light most favorable to the nonmoving party only if there is a 'genuine' dispute as to those facts." *Scott v. Harris*, 550 U.S. 372, 380 (2007). The party seeking summary judgment has the burden of establishing the lack of any genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). After "a

3

properly supported motion for summary judgment is made, the adverse party 'must set forth specific facts showing that there is a genuine issue for trial.'" *Anderson*, 477 U.S. at 255 (quoting Fed R. Civ. P. 56(e)).

## IV. DISCUSSION

*A. The Title VII Claims Against Stewart and Cooper, Individually, Fail as a Matter of Law*

The claims against the two individuals, Cooper and Stewart, falter at the outset because Title VII does not provide for individual liability. This proposition stems from the principle that claims under Title VII can only be made against an "employer" as defined in 42 U.S.C. § 2000e(b), and supervisors and co-workers do not fall within that definition. *Brenston v. Wal-Mart*, No. 2:09 cv 026 PS, 2009 WL 1606935, at *3 (N.D. Ind. June 8, 2009).

More to the point, and as the Seventh Circuit Court of Appeals has made clear, Title VII does not permit a victim of discrimination to sue supervisors, even if those supervisors (*i.e.*, Stewart and Cooper in this instance) were responsible for the discrimination. *Id.* (citing *Williams v. Banning*, 72 F.3d 552 (7th Cir. 1995); *Sattar v. Motorola, Inc*., 138 F.3d 1164, 1168 (7th Cir. 1998) ("It is by now well established in this court that a supervisor does not, in his individual capacity, fall within Title VII's definition of employer.")); *Parham v. Beatty*, No. 1:08-CV-17 JVB, 2009 WL 112597, at *2 (N.D. Ind. Jan. 16, 2009) (same).

Therefore, in the context of the current motion, Morton and Hembree's Title VII claims against the two alleged perpetrators of the sexual harassment fail, because in the words of Federal Rule of Civil Procedure 56(c)(2), neither is "entitled to judgment as a matter of law." In fact, as just observed, Stewart and Cooper are the ones entitled to such a judgment. Consequently, the partial summary judgment motion must be DENIED.

4

*B. Plaintiffs Have Failed to Show that Hydro-Systems Is an "Employer" Under Title VII*

To establish a *prima facie* case of discrimination under Title VII against Hydro-Systems, Morton and Hembree must establish, among other elements, that Hydro-Systems employed fifteen or more employees for each working day in each of twenty or more calendar weeks in 2007, the year in which the alleged discrimination occurred, or in 2006, the year preceding the alleged violations. *See* 42 U.S.C. § 2000e(b) (stating that the term "employer" under Title VII "means a person engaged in an industry affecting commerce who has 15 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding calendar year . . . ."); *Komorowski v. Townline Mini-Mart & Rest.*, 162 F.3d 962, 965 (7th Cir. 1998) (explaining that the "current calendar year" means "the year in which the alleged violation occurred" and includes the calendar year from January 1 through December 31); *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 516 (2006) (holding that "the threshold number of employees for application of Title VII is an element of a plaintiff's claim for relief, not a jurisdictional issue"). Here, Plaintiffs have failed to do so.

As noted earlier, Defendants denied in their Answer that Hydro-Systems employed the statutory minimum number of employees under Title VII. Recognizing that this denial imposes upon them an element of proof, Morton and Hembree seek to fill the requirement by pointing to the case of *Grimes v. Hydro Systems, LLC*, No. 1:07-cv-00241-RL (N.D. Ind. Sept. 22, 2008), in which Hydro-Systems admitted in its Answer that it was an "employer" under the Americans With Disabilities Act, 42 U.S.C. § 12111, a statutory scheme that utilizes the same definition of "employer" as Title VII. And while "it is well-established in this circuit that the pleading in one proceeding is admissible and cognizable as an admission in another", *Walaschek & Assocs., Inc.*

*v. Crow*, 733 F.2d 51, 54 (7th Cir. 1984) (citation omitted), the *Grimes* pleading falls short of establishing that Hydro-Systems is an "employer" under Title VII in the instant case.

To explain, Morton and Hembree studiously avoid mentioning that though Hydro-Systems did indeed admit in *Grimes* that it was an "employer", it also denied that it had fifteen or more employees for each working day in each of the twenty or more calendar weeks in the current or preceding year. *See Grimes*, No. 1:07-cv-241-RL, Answer ¶¶ 5, 6. Therefore, the so-called admission in *Grimes* does not erode Hydro-Systems' denial here, but in fact works to support it.

Furthermore, because the alleged discrimination in *Grimes* occurred in 2006, the supposed admission there is insufficient for another reason. *See id.* at Compl. ¶¶ 11, 16, 17, 19, 20. The years at issue in *Grimes* from an employee numerosity perspective (that is, whether Hydro-Systems was a Title VII employer), were 2005 and 2006; a time period not entirely congruent with the allegations in this case that implicate 2006 and 2007. Consequently, even if the *Grimes* Answer could be deemed an admission, its effect remains inconclusive because Hydro-Systems may have satisfied the numerosity requirement in 2005, but not necessarily the years relevant here.

In short, on this record Morton and Hembree have failed to establish as a matter of law that Hydro-Systems was an "employer" under Title VII, and therefore their motion for partial summary judgment must be DENIED.

## V. CONCLUSION

Plaintiffs' Motion for Partial Summary Judgment (Docket # 25) is DENIED. This case is set for a scheduling conference for December 3, 2009, at 9:00 a.m., and Plaintiffs' counsel and

Defendants Richard Stewart and Ronald Cooper are to be present in person. Hydro-Systems, LLC, must be present by counsel. If Defendants fail to appear for the scheduling conference, they may be sanctioned under Federal Rule of Civil Procedure 16(f)(1)(A), up to and including a possible default judgment and attorney fees. The Clerk is directed to send a copy of this Opinion and Order (which shall constitute notice of the scheduling conference) to Defendants at their last known address.

SO ORDERED.

Entered this 13th day of November, 2009.

/S/ Roger B. Cosbey
Roger B. Cosbey,
United States Magistrate Judge